**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| PCS NITROGEN, INC., | ) | Case No. 2:09-CV-3171-MBS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROSS DEVELOPMENT CORPORATION; | ) | |
| T. HEYWARD CARTER, JR.; GRAYSON | ) | |
| G. HANAHAN; WILLIAM O. HANAHAN, | ) | **JURY INSTRUCTIONS** |
| III; KATHARYNE H. RIKE; MIKELL R. | ) | |
| SCARBOROUGH; C. COTESWORTH | ) | |
| PINCKNEY AND T. HEYWARD CARTER, | ) | |
| AS CO-TRUSTEES OF THE TRUST OF | ) | |
| WILLIAM O. HANAHAN, JR.;  ANN | ) | |
| HANAHAN BLESSING; DONALD | ) | |
| BUHRMASTER, III; ELEANOR W. | ) | |
| CARTER; MARGARET H. CARTER; | ) | |
| ELIZABETH H. CLARK; BUIST L. | ) | |
| HANAHAN; ELIZABETH A. HANAHAN; | ) | |
| FRANCES G. HANAHAN; MARY ROSS | ) | |
| HANAHAN; MURIEL R. HANAHAN; | ) | |
| ROGER PARKE HANAHAN, JR.; | ) | |
| GRAYSON C. JACKSON; ORIANA H. | ) | |
| KIRBY; AND JEANNE DEFOREST SMITH | ) | |
| HANAHAN | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

<u>DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW</u>

Members of the jury, now that you have heard all the evidence and the arguments of the lawyers, it is my duty to instruct you on the law which applies to this case.   These instructions will be in three parts:  first, the instructions on general rules that define and control the jury's duties; second, the instructions that state the rules of law you must apply; and third, some rules for your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you must apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not.  You must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you and

according to the law.  You will recall that you took an oath promising to do so at the beginning of the trial.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  You must not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return -- that is a matter entirely for you to decide.

BURDEN OF PROOF

At the beginning of the case, I told you that Plaintiff PCS Nitrogen Inc. has the burden of proving its case by a preponderance of the evidence.  That means that Plaintiff must produce evidence which, when considered in light of all the facts, leads you to believe that what it claims is more likely true than not.  To put it differently, if you were to put the evidence of Plaintiff and the evidence of Defendants on opposite sides of the scales, Plaintiff would have to make the scales tip slightly to the side of the Plaintiff.  If Plaintiff fails to meet this burden, the verdict must be for Defendants.

Those of you who have sat on criminal cases will have heard of proof beyond a reasonable doubt.  That is a stricter standard, that is, it requires more proof than a preponderance of evidence.  The reasonable doubt standard does not apply to a civil case and you should therefore put it out of your mind.

To establish a fact by a "preponderance of the evidence" means to prove that the fact is more likely true than not true.  A preponderance of the evidence means the greater weight of the evidence.  It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents.  In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

EVIDENCE

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness;
(2) the exhibits which have been received into evidence; and
(3) any facts to which all the lawyers have agreed or stipulated or that I instruct you to find.

WHAT IS NOT EVIDENCE

Certain things are not evidence and you may not consider them in deciding what the facts are.  I will list them for you:

2

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, if testimony or exhibits have been received only for a limited purpose, you must follow the limiting instructions I have given.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

It is for you to decide whether a fact has been proven by direct or circumstantial evidence. In making that decision, you must consider all the evidence in the light of reason, common sense, and experience.

## CREDIBILITY OF WITNESSES

In deciding what the facts are, you must consider all the evidence. In doing this, you must decide which testimony to believe and which testimony not to believe. You may disbelieve all or any part of any witness's testimony. In making that decision, you may take into account a number of factors including the following:

(1)    Was the witness able to see, or hear, or know the things about which that witness testified?

(2)    How well was the witness able to recall and describe those things?

(3)    What was the witness's manner while testifying?

(4)      Did the witness have an interest in the outcome of this case or any bias or prejudice concerning any party or any matter involved in the case?

(5)      How reasonable was the witness's testimony considered in light of all the evidence in the case?

(6)      Was the witness's testimony contradicted by what that witness had said or done at another time, or by the testimony of other witnesses, or by other evidence?

In deciding whether or not to believe a witness, keep in mind that people sometimes forget things. You need to consider therefore whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

These are some of the factors you may consider in deciding whether to believe testimony.

EXPERT TESTIMONY

You have heard testimony from persons described as experts. Persons who, by education and experience, have become expert in some field may state their opinion on matters in that field and may also state their reasons for the opinion.

Expert opinion testimony should be judged just as any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

DEPOSITION TESTIMONY

During the trial, testimony was presented to you through a deposition. A deposition is the sworn, recorded answers to questions asked a witness in advance of the trial. The deposition testimony of a witness who, for some reason, cannot be present to testify from the witness stand is usually presented in writing or on video under oath in the form of deposition. Deposition testimony is entitled to the same consideration and is to be weighed and otherwise considered by you insofar as possible in the same way as if the witness had been present and had testified from the witness stand in court.

NOTE-TAKING

Some of you have taken notes during the trial. Remember that the notes are for your own personal use. They are not to be given or read to anyone else and they are not to be used in place of your memory.

## JUROR'S DUTY TO BE IMPARTIAL

As I told you previously, you are to perform your duty without bias or prejudice to any party.  Our system of law does not permit jurors to be governed by sympathy, prejudice, or public opinion.  Both the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as I give it to you, and reach a just verdict, regardless of the consequences.

This case should be considered and decided by you as an action between persons of equal worth and equal standing in the community.  All persons, including individuals and organizations, stand equal before the law and are to be dealt with as equals in a court of justice.  Sympathy for any party, or prejudice against any party, shall play no part in your deliberations or your decision.

## INCONSISTENT PRIOR SWORN STATEMENTS

Evidence that a person testifying made a statement under oath at an earlier deposition that is inconsistent with the witness's testimony at trial may be considered as proof of the truth of the earlier statement, as well as for purposes of judging the credibility of the person as a witness.

## STIPULATIONS

A stipulation is an agreement, admission or concession made in judicial proceedings by the parties thereto or their attorneys.  Stipulations, of course, are binding upon those who make them.  The court and jury must accept stipulations as binding upon the parties.  If counsel for the parties have stipulated to any fact, or any fact has been admitted by counsel, you will regard that fact as being conclusively proved as to the party or parties making the stipulation or admission.

I will now instruct you on the specific rules of law that apply in this case.

* * * * *

As I explained to you earlier, this action concerns claims for fraudulent conveyance, civil conspiracy, and breach of fiduciary duty.  Plaintiff's claim for fraudulent conveyance is an equitable claim, meaning that it is a claim to be decided by the court.  However, Plaintiff's civil conspiracy and breach of fiduciary duty claims are legal claims to be decided by a jury.  Accordingly, the following instructions will be separated into two categories: (1) the law concerning civil conspiracy and (2) the law concerning breach of fiduciary duty.

### 1.  CIVIL CONSPIRACY

Plaintiff asserts a civil conspiracy claim against the former Ross Directors, that is, against T. Heyward Carter, Jr., Grayson G. Hanahan, William O. Hanahan, III, Katharyne H. Rike, and Mikell R. Scarborough.  This claim is not asserted against Ross Development Corporation or the former Ross shareholders.  Plaintiff alleges that the former Ross Directors acted together for the

primary purpose of injuring Plaintiff and that they are responsible for damages caused by that agreement.  The former Ross Directors deny these charges.

In South Carolina, a civil conspiracy consists of three elements: (1) the combination of two or more persons; (2) joining for the purpose of injuring Plaintiff; and (3) which causes special damages to Plaintiff.  In order to find that a civil conspiracy existed in this case, you must find that Plaintiff has proved each of these three elements by a preponderance of the evidence.

Conspiracy may be inferred from the nature of the acts, the relationship of the parties, the interests of the alleged conspirators, and other circumstances.  Civil conspiracy is an act which is by its very nature covert and clandestine and usually not susceptible of proof by direct evidence. As such, concert of action, amounting to a conspiracy, may be shown by circumstantial as well as direct evidence. In order to establish a civil conspiracy, direct or circumstantial evidence must be produced from which one may reasonably infer the joint assent of the minds of two or more parties to the prosecution of the unlawful enterprise.  A conspiracy is actionable only if overt acts pursuant to the common design proximately cause special damage to the party bringing the action.

## DAMAGES - CIVIL CONSPIRACY

In regard to special damages under a claim of civil conspiracy, Plaintiff may recover the damages that flow from the conspiracy.  Plaintiff is entitled to recover only such damages as naturally and proximately result from the wrongful act or acts done in pursuance of the conspiracy and which directly result from it.  Because the essence of a civil conspiracy claim is the damage resulting to the plaintiff, the special damages alleged with respect to Plaintiff's civil conspiracy claim must go beyond the damages alleged in Plaintiff's breach of fiduciary duty claim.

## STATUTE OF LIMITATIONS - CIVIL CONSPIRACY

Defendants assert that Plaintiff's civil conspiracy claim is time-barred under the statute of limitations.  This is an affirmative defense asserted by Defendants and must be proven by Defendants by a preponderance of the evidence.  Under South Carolina law, actions for civil conspiracy are subject to a three-year statute of limitations.  The "discovery rule" is used to determine when a cause of action arises.  Under this rule, the statute of limitations bars bringing a claim three years after the person knew or by the exercise of reasonable diligence should have known that a cause of action might exist in his or her favor.  The date on which discovery of the cause of action should have been made is an objective, rather than a subjective, question. Applying this standard, an injured party must act with some promptness where the facts and circumstances of an injury would put a person of common knowledge and experience on notice that some right has been invaded or that some claim against another party might exist.  The statute of limitations begins to run from this point and not when advice of counsel is sought or a full-blown theory of recovery developed.

This action was filed on December 8, 2009.  If you find that Plaintiff's action was filed within three years of the date upon which Plaintiff knew or by the exercise of reasonable

diligence should have known that it had a cause of action for civil conspiracy, then you must find that Plaintiff brought its action on time.

However, if you find that Plaintiff's action was not filed within three years of the date upon which Plaintiff knew or by the exercise of reasonable diligence should have known that it had a cause of action for civil conspiracy, then you must return a verdict in favor of Defendants against Plaintiff.

## 2. **BREACH OF FIDUCIARY DUTY**

Plaintiff asserts a breach of fiduciary duty claim against the former Ross Directors, that is, against T. Heyward Carter, Jr., Grayson G. Hanahan, William O. Hanahan, III, Katharyne H. Rike, and Mikell R. Scarborough.  This claim is not asserted against Ross Development Corporation or the former Ross shareholders.  Plaintiff alleges that the former Ross Directors breached their fiduciary duties in making distributions to shareholders. The former Ross Directors deny these charges.

Directors of a corporation owe a fiduciary duty to the corporation itself as well as to the corporation's shareholders.  Specifically, a director shall discharge his or her duties as a director, including his or her duties as a member of a committee:

(1)    in good faith;

(2)    with the care an ordinarily prudent person in a like position would exercise under similar circumstances; and

(3)    in a manner he or she reasonably believes to be in the best interests of the corporation and its shareholders.

When a corporation becomes insolvent or in a failing condition, the fiduciary duties of the directors shift from the corporation's shareholders to its creditors.  Upon insolvency, the directors no longer represent the shareholders but instead become trustees for the creditors and cannot, by transfer of property or payment of cash, prefer themselves or other creditors.

If you find, based on the evidence presented at trial, that an ordinarily prudent director in a like position under similar circumstances knew or should have known that Ross Development Corporation had become insolvent or in a failing condition at any point in time, the fiduciary duties owed by the Ross Directors to the corporation's shareholders would have shifted to the corporation's creditors at that time.  If you find that Plaintiff was a creditor of Ross Development Corporation at that time, then the Ross Directors each owed fiduciary duties to Plaintiff.

In discharging these duties, a director is entitled to rely on information, opinions, reports, or statements, including financial statements and other financial data, if prepared or presented by:

(1)     one or more officers or employees of the corporation whom the director reasonably believes to be reliable and competent in the matters presented;

(2)     legal counsel, public accountants, or other persons as to matters the director reasonably believes are within the person's professional or expert competence; or

(3)     a committee of the board of directors of which he is not a member if the director reasonably believes the committee merits confidence.

A director is not acting in good faith if he or she has knowledge concerning the matter in question that makes reliance otherwise permitted unwarranted.

A director is not liable for any action taken as a director, or any failure to take any action, if he or she performed the duties of his or her office in compliance with the above-discussed requirements.

<u>STATUTE OF LIMITATIONS- BREACH OF FIDUCIARY DUTY</u>

Defendants assert that Plaintiff's breach of fiduciary duty claim is time-barred under the statute of limitations.  This is an affirmative defense asserted by Defendants and must be proven by Defendants by a preponderance of the evidence.  Under South Carolina law, a breach of fiduciary duty claim against directors of a corporation is subject to a three-year statute of limitations.  The "discovery rule" is used to determine when a cause of action arises.  Under this rule, the statute of limitations bars bringing a claim three years after the person knew or by the exercise of reasonable diligence should have known that a cause of action might exist in his or her favor.  The date on which discovery of the cause of action should have been made is an objective, rather than a subjective, question.  Applying this standard, an injured party must act with some promptness where the facts and circumstances of an injury would put a person of common knowledge and experience on notice that some right has been invaded or that some claim against another party might exist. The statute of limitations begins to run from this point and not when advice of counsel is sought or a full-blown theory of recovery developed.

This action was filed on December 8, 2009.  If you find that Plaintiff's action was filed within three years of the date upon which Plaintiff knew or by the exercise of reasonable diligence should have known that it had a cause of action for breach of fiduciary duty, then you must find that Plaintiff brought its action on time.

However, if you find that Plaintiff's action was not filed within three years of the date upon which Plaintiff knew or by the exercise of reasonable diligence should have known that it had a cause of action for breach of fiduciary duty, then you must return a verdict in favor of Defendants against Plaintiff.

<u>ACTUAL DAMAGES</u>

Plaintiff has the burden of proving its damages by a preponderance of the evidence.  This does not mean that it must prove its damages to a mathematical certainty, or produce evidence of

the precise amount of damages it has suffered – rather, the evidence put forth by Plaintiff should be such as to enable you, the jury, to determine what amount of damages is fair, just and reasonable.  Neither the existence, causation, nor amount of damages can be left to conjecture, guess, or speculation.

## PUNITIVE DAMAGES

Plaintiff seeks punitive damages in addition to actual damages.  Punitive damages, also known as exemplary damages, are imposed as punishment.  They are not intended to compensate.  Punitive damages are allowed in the interest of society in the nature of punishment and as a warning and example to deter the wrongdoer and others from committing like offenses in the future.  Moreover, they serve to vindicate a private right by requiring the wrongdoer to pay money to the injured party.

Punitive damages serve at least three important purposes: punishment for reckless, wilful, wanton or malicious conduct; deterrence of similar future conduct; and compensation for the reckless or wilful invasion of the private rights.  The paramount purpose for awarding punitive damages is not to compensate, but to punish and set an example for others.

What would justify an award of punitive damages?  As you consider the issue of punitive damages, the highest burden of proof known to the civil law is applicable.  Section 15-33-133 of the South Carolina Code provides:

> In any civil action where punitive damages are claimed, the plaintiff has the burden of proving such damages by clear and convincing evidence.

Punitive damages can only be awarded where the injured party proves by clear and convincing evidence that the wrongdoer's actions were willful, wanton, malicious or in reckless disregard of the injured party's rights.  A conscious failure to exercise due care constitutes willfulness.  It is the present consciousness of wrongdoing that justifies the assessment of punitive damages against the wrongdoer.  Punitive damages will be allowed even when the wrongdoer does not realize he is invading the injured party's rights so long as the act is committed in such a manner that a person of ordinary prudence would conclude it was done in reckless disregard of the rights of another.

Plaintiff cannot recover punitive damages based on negligent conduct.  Negligence is the doing of some act which a person of ordinary prudence would not have done under similar circumstances or failure to do what a person of ordinary prudence would have done under similar circumstances.  Mere negligence will not support a punitive damages award.

To recover punitive damages, Plaintiff must prove by clear and convincing evidence that the wrongdoer's actions were willful, wanton, or reckless.  The words recklessness, willfulness, and wantonness are synonymous.  The terms are used to describe a conscious failure to exercise and observe reasonable or due care.

Recklessness is distinguished from negligence. Negligence is the failure to use due care. Negligence is failure by omission or commission to exercise due care as a person of ordinary reason and prudence would exercise in the same circumstances.

Recklessness is a higher degree of culpability and responsibility. Recklessness signifies a conscious failure to exercise due care. Negligence is carelessness. Recklessness is a conscious indifference to the rights of the injured party, or a reckless disregard of the rights of the injured party. Recklessness is an awareness of wrongful conduct and a continuation to act regardless of consequences.

The test for determining whether a tort may be deemed reckless, wilful or wanton is whether it has been committed in such a manner and under such circumstances that a person of ordinary reason or prudence would have been conscious of it as an invasion of the rights of the injured party.

Before you can award punitive damages, you must first find that Plaintiff is entitled to actual or nominal damages. There must be an award of actual or nominal damages for a verdict of punitive damages to be supported. This rule is premised on the fact that liability must be established before the injured party can seek punitive damages. Therefore, if you do not award actual or nominal damages, then you cannot award punitive damages.

<u>PUNITIVE DAMAGES – BURDEN OF PROOF</u>

As I told you, a party seeking punitive damages must prove punitive damages by clear and convincing evidence. Clear and convincing evidence is an elevated standard of proof, which lies between the lesser standard of "preponderance of the evidence," used in most civil cases, and the higher standard of "beyond a reasonable doubt," which is required in criminal cases. Clear and convincing evidence is that degree of proof which will produce in the mind of the trier of fact a firm belief as to the allegations sought to be established. Such measure of proof is intermediate, more than a mere preponderance but less than is required for proof beyond a reasonable doubt; it does not mean clear and unequivocal.

\* \* \* \* \*

<u>DUTY TO DELIBERATE</u>

When you return to the jury room, you should choose a foreperson. The foreperson will preside over the deliberations and speak for the jury here in court.

When you retire to the jury room, you should discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict, but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.  In other words, do not change your opinion solely for the sake of reaching a unanimous verdict.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, iPad, Blackberry or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

<u>RETURN OF VERDICT</u>

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the marshal outside your door that you are ready to return to the courtroom.

<u>COMMUNICATING WITH THE COURT</u>

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your foreperson or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any members of the jury on anything concerning the case only in writing, or only here in open court.  Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.