**UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| PCS NITROGEN, INC., ) | Case No. 2:09-cv-03171-MBS |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ROSS DEVELOPMENT CORPORATION; T. ) | |
| HEYWARD CARTER, JR.; GRAYSON G. ) | **ORDER AND OPINION** |
| HANAHAN; WILLIAM O. HANAHAN, III; ) | |
| KATHARYNE H. RIKE; MIKELL R. ) | |
| SCARBOROUGH; C. COTESWORTH ) | |
| PINCKNEY AND T. HEYWARD CARTER, ) | |
| AS CO-TRUSTEES OF THE TRUST OF ) | |
| WILLIAM O. HANAHAN, JR.; ANN ) | |
| HANAHAN BLESSING; DONALD ) | |
| BUHRMASTER, III; ELEANOR W. ) | |
| CARTER; MARGARET H. CARTER; ) | |
| ELIZABETH H. CLARK; MARIA ) | |
| GRAYSON-METAXAS; BUIST L. ) | |
| HANAHAN; ELIZABETH A. HANAHAN; ) | |
| FRANCES G. HANAHAN; MARY ROSS ) | |
| HANAHAN; MURIEL R. HANAHAN; ) | |
| ROGER PARKE HANAHAN, JR.; ) | |
| GRAYSON C. JACKSON; ORIANA H. ) | |
| KIRBY; AND JEANNE DEFOREST SMITH ) | |
| HANAHAN, ) | |
| ) | |
| Defendants. ) | |

Plaintiff PCS Nitrogen, Inc. ("PCS") filed the within action on December 8, 2009 against

Defendants[1] Ross Development Corporation ("Ross"); and T. Heyward Carter, Jr., Grayson G.

Hanahan, William O. Hanahan, III, Katharyne H. Rike, Mikell R. Scarborough, and the Estate of

---

[1]     "Defendants" hereinafter refers to all of the defendants except the Estate of G.L. Buist Rivers and Maria Grayson-Metaxas.

1

G.L. Buist Rivers[2] (collectively "the Ross Directors"); as well as C. Cotesowrth Pinckney and T. Herward Carter as co-trustees of the Trust of William O. Hanahan, Jr., Anne Hanahan Blessing, Donald Buhrmaster, III, Eleanor W. Carter, Margaret H. Carter, Elizabeth H. Clark, Maria Grayson-Metaxas,[3] Buist L. Hanahan, Elizabeth A. Hanahan, Mary Ross Hanahan, Muriel R. Hanahan, Roger Parke Hanahan, Jr., Grayson C. Jackson, Orianna H. Kirby, and Jeanne Deforest Smith Hanahan (collectively "the Ross Shareholders").  PCS alleged claims for: 1) fraudulent conveyance; 2) civil conspiracy; and 3) breach of fiduciary duty.  ECF No. 1.

A six-day jury trial was held on the civil conspiracy and breach of fiduciary duty claims against the Ross Directors.   The jury returned a verdict finding that PCS failed to prove civil conspiracy, but did prove that the Ross Directors breached their fiduciary duties to PCS.  ECF No. 319.  The jury awarded actual damages in the amount of $5,555,158.00.  ECF No. 319.  The jury declined to award punitive damages. ECF No.  319.  Following the jury trial, Defendants made an oral motion for judgment as a matter of law on PCS's fraudulent conveyance claim.  ECF No. 323.  On August 19, 2014, the court held a hearing on the motion.  ECF No. 325.  During the hearing, Defendants asserted that the jury verdict against the Ross Directors represented an adequate remedy at law for the injury sustained by PCS and thus precluded equitable relief on the fraudulent conveyance claim.  The court directed the parties to submit supplemental briefing on the issue.  ECF No. 325.  The parties completed this briefing on September 12, 2014.  *See* ECF Nos. 326-29.  This order addresses only the question of whether PCS has an adequate remedy at law so as to preclude equitable relief. Specifically, the court must determine whether the jury verdict against the Ross

---

[2] The Estate of G.L. Buist Rivers was dismissed on June 10, 2011.  ECF Nos. 90 & 91.

[3] Maria Grayson-Metaxas was dismissed from the action on July 17, 2014.  ECF Nos. 294 & 295.

Directors prohibits the court from granting equitable relief as to the Ross Shareholders and Ross.

## The Meaning of "Adequate Remedy at Law" in South Carolina

Under South Carolina law, "[a]n action to set aside a conveyance under the Statute of Elizabeth is an equitable action." *Oskin v. Johnson*, 735 S.E.2d 459, 463 (S.C. 2012). "Equitable relief is generally available where there is no adequate remedy at law." *Santee Cooper Resort, Inc. v. S. Carolina Pub. Serv. Comm'n*, 379 S.E.2d 119, 123 (S.C. 1989). The South Carolina Supreme Court has observed:

> In order to justify a court of equity in refusing to take jurisdiction, the remedy at law must be adequate, and must attain the full end and justice of the case. It is not enough that there is some remedy at law, but that remedy must be as practical, efficient, and prompt as the remedy in equity.

*Chisolm v. Pryor*, 35 S.E.2d 21, 24 (S.C. 1945). Stated differently, the remedy at law must be as "certain" and "complete" as the equitable remedy. *See ZAN, LLC v. Ripley Cove, LLC*, 751 S.E.2d 664, 669 (S.C. Ct. App. 2013); *Milliken & Co. v. Morin*, 685 S.E.2d 828, 832 (S.C. Ct. App. 2009); *Key Corp. Capital, Inc. v. Cnty. of Beaufort*, 602 S.E.2d 104, 107 (S.C. Ct. App. 2004) *rev'd*, 644 S.E.2d 675 (S.C. 2007) (finding the specific remedy at law in the case adequate and reversing the grant of equitable relief).

Here, the fraudulent conveyance equitable claim implicates the Ross Directors, the Ross Shareholders and Ross itself, while the legal claim is available only against the Ross Directors. Nevertheless, Defendants argue that the jury's award of damages against the former Ross Directors is an adequate remedy at law, precluding the equitable fraudulent conveyance claim against the Ross Shareholders and Ross itself.

In support of their contention, Defendants first cite to *United States v. Tuomey*, 976 F. Supp. 2d 776 (D.S.C. 2013). In *Tuomey*, the jury found in favor of the United States against the sole

3

defendant in a claim arising under the False Claims Act. The jury awarded money damages it deemed appropriate to the United States. The court declined to rule on the United States's equitable state law claims when it had prevailed on its FCA causes of action. *Id.* As Tuomey was the only defendant in that case, any additional equitable claims against Tuomey would have been superfluous, especially after the United States agreed that any judgment rendered on those claims would be subsumed into the FCA judgment if that judgment were affirmed on appeal. *Tuomey* is distinguishable based on the presence of additional Defendants in this case from whom satisfaction of an equitable judgment could be sought.

Defendants also suggest that *Carolina Park Associates, LLC v. Marino*, 732 S.E.2d 876 (S.C. 2012), supports their position. In *Carolina Park*, the plaintiff lost its interest in a parcel of property through foreclosure, and, at the foreclosure sale, an affiliate of one of its members purchased the property. *Id.* at 878. The plaintiff then filed suit against the purchasing affiliate, another company, and their individual principals, asserting that they had breached a duty of good faith and fair dealing by usurping the plaintiff's corporate opportunities. The plaintiff also sought to impose a constructive trust on the property, which was owned by only one of the defendants. The South Carolina Supreme Court refused the equitable relief of a constructive trust on the ground that the plaintiff pleaded money damages against all the defendants, and thus possessed an adequate remedy at law. *Id.* at 879-80. In *Carolina Park,* the legal claim provided the plaintiff with a complete remedy against all who wronged it.

The plaintiff's cause of action for money damages in *Carolina Park* was asserted against all defendants and its claim for equitable relief only against one. Defendants contend, therefore, that legal and equitable claims naming different defendants is not relevant to the court's analysis. However, *Carolina Park* represents the inverse of the situation in this case, where PCS asserts an

4

equitable claim against all Defendants, but can only assert the legal claim against the Ross Directors. Unlike *Carolina Park*, the legal claim provides PCS with a legal remedy only against the Ross Directors, but not against the Ross Shareholders and Ross. *Carolina Park* is not persuasive.

Finally, Defendants direct the court to *Chase Home Finance, LLC v. Risher*, 746 S.E.2d 471 (S.C. Ct. App. 2013). In *Risher*, a husband and wife purchased a home, but the lender financing the purchase obtained a note and mortgage only as to the husband's undivided interest. *Id.* at 473. After the husband died and the mortgage went into default, the lender filed suit against the wife, individually and as the personal representative of her husband's estate. *Id.* The lender sought foreclosure of the mortgage, establishment of an equitable lien on the entire property, and a judgment against the wife for unjust enrichment. *Id.* at 474. In determining that an equitable claim could not be sustained against the wife, the South Carolina Court of Appeals noted that the lender had not "alleged or proved it lacked an adequate remedy at law," as "there was no dispute [that the lender] had a valid mortgage against [the husband's] interest and, if necessary, the right to proceed with a deficiency claim against his estate." *Id.* at 476. Although *Risher* may suggest that a legal claim against one defendant serves as an adequate legal remedy barring equitable claims against all other defendants, the South Carolina Court of Appeals does not make that rule explicit, nor does it ground its decision in that analysis. To read such a rule into *Risher* would be to depart from a well-settled principle of equity.

### The "Same Person" Rule

Additional review of South Carolina and Fourth Circuit cases fails to reveal any that directly address whether an adequate remedy at law as to one defendant prevents equitable relief as to other defendants. Courts in other jurisdictions have applied the "same person" rule to scenarios like that before the court. Under the "same person" rule, "[i]n order to be adequate, the legal remedy must

5

exist against the same person against whom the relief in equity is sought." 30A Corpus Juris Secundum *Equity* § 22. Among the federal circuits, the Ninth and Seventh Circuits have recognized the "same person" rule. *See Mort v. United States*, 86 F.3d 890, 892-93 (9th Cir. 1996) (holding that "[e]quitable relief should not be denied, however, unless the available legal remedy is against the same person from whom equitable relief is sought."); *Interstate Cigar Co. v. United States*, 928 F.2d 221, 223-24 (7th Cir. 1991) (finding an equitable claim not barred just because the plaintiff could assert a claim against another party for money damages).

The courts of at least sixteen states also acknowledge the validity of the principle. *See U.S. Bank, N.A. v. Martinez*, 16 N.E.3d 524 (Mass. App. Ct. 2014) (permitting equitable relief notwithstanding available legal remedies against third parties); *Deutsche Bank Nat. Trust Co. v. Dolci*, No. 2-11-1275, 2012 WL 6969135 at *4 (Ill. App. Ct. June 28, 2012) ("to be an adequate remedy [at law], it must exist against the same person from whom relief is sought in equity."); *Loiselle v. Cosas Mgmt. Grp., LLC*, 228 P.3d 943, 947 (Ariz. Ct. App. 2010) ("The legal remedy, however, must be against the same person from whom relief in equity is sought."); *Metcap Sec. LLC v. Pearl Senior Care, Inc.*, CIV. A. 2129-VCN, 2009 WL 513756 at *6 (Del. Ch. Feb. 27, 2009) *aff'd*, 977 A.2d 899 (Del. 2009) (holding that the existence of claim of negligence against a third party does not bar an equitable unjust enrichment claim against the defendants currently before the court); *Sorenson v. Pyeatt*, 146 P.3d 1172, 1182 (Wash. 2006) ("we think it a good equity policy that the person against whom the legal remedy is sought and authorized should be the same person against whom the equitable remedy is sought" in order for there to be an adequate remedy at law precluding equitable relief); *TCF Banking & Sav. v. Loft Homes, Inc.*, 439 N.W.2d 735, 740 (Minn. Ct. App. 1989) (mortgagee eligible for equitable relief of rescission even though he had a legal remedy against another party); *McNorton v. Pan Am. Bank of Orlando, N.A.*, 387 So. 2d 393, 399

(Fla. Ct. App. 1980) ("As a matter of first impression, we hold the 'same person' rule is sound; therefore, the face of [Plaintiff]'s complaint does not reveal an adequate remedy at law."); *Pilkington v. Toti*, C.A. 72-2955, 1979 WL 195960 at *6 (R.I. Sup. Jan. 17, 1979) (approving the principle that "an adequate remedy at law must exist against the same person from whom the relief in equity is sought in order to bar the equitable action."); *Katsivalis v. Serrano Reconveyance Co.*, 70 Cal. App. 3d 200 (Cal. Ct. App. 1977) ("a legal remedy against one of several obligors cannot relieve another obligor of his equitable responsibility"); *Dudley v. Keller*, 521 P.2d 175, 178 (Colo. Ct. App. 1974) ("an adequate remedy at law must exist against the same person from whom the relief in equity is sought in order to bar the equitable action"); *Hill v. Hill*, 345 P.2d 1015, 1025 (Kan. 1959) (legal remedy must exist against same person from whom the relief in equity is sought); *Mitchell v. Houstle*, 142 A.2d 556, 560 (Md. 1958) ("[T]he doctrine that equity will grant no relief when there is an adequate remedy at law is limited to cases in which there is an adequate legal remedy against the defendants that are before the court."); *Buttinghausen v. Rappeport*, 24 A.2d 877, 880 (N.J. Ch. 1942) ("the legal remedy which may move equity to deny relief is a remedy against the same person from whom relief in equity is sought."); *Thorn & Hunkins Lime & Cement Co. v. Citizens' Bank*, 59 S.W. 109, 111 (Mo. 1900) ("the fact that a plaintiff may have a remedy by suit at law against a third person . . . is no ground for refusing relief in equity"); *Jackson's Adm'x v. Turner*, 32 Va. 119, 125 (Va. 1834) ("The rule that shuts the court of equity against a party who has a clear legal remedy, applies only . . . to cases in which such remedy may be had against the same person[] as to whom the equitable relief is sought . . . ."); *Middletown Bank v. Russ*, 3 Conn. 135 (Conn. 1819) ("It is no objection to a bill in chancery against the principal debtor, that there is remedy at law against a surety").

Because of the jury verdict for PCS on the breach of fiduciary duty claim, PCS has an adequate remedy at law precluding equitable proceedings against the Ross Directors. The fraudulent conveyance claim against the Ross Directors is dismissed without prejudice. PCS does not, however, have an adequate remedy at law against Ross or the Ross Shareholders. Therefore, Defendants' motion to dismiss the fraudulent conveyance claim against those parties is denied.

## Conclusion

For the reasons stated above, Defendants' motion to dismiss the fraudulent conveyance claim on the ground that an adequate remedy at law exists is **GRANTED IN PART**, and **DENIED IN PART**.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour  
Margaret B. Seymour  
Senior United States District Judge

October 29, 2014  
Columbia, South Carolina