# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| PCS NITROGEN, INC., | ) | Case No. 2:09-cv-03171-MBS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROSS DEVELOPMENT CORPORATION; | ) | |
| T. HEYWARD CARTER, JR.; GRAYSON | ) | **ORDER AND OPINION** |
| G. HANAHAN; WILLIAM O. HANAHAN, | ) | |
| III; KATHARYNE H. RIKE; MIKELL R. | ) | |
| SCARBOROUGH; C. COTESWORTH | ) | |
| PINCKNEY AND T. HEYWARD CARTER, | ) | |
| AS CO-TRUSTEES OF THE TRUST OF | ) | |
| WILLIAM O. HANAHAN, JR.; ANN | ) | |
| HANAHAN BLESSING; DONALD | ) | |
| BUHRMASTER, III; ELEANOR W. | ) | |
| CARTER; MARGARET H. CARTER; | ) | |
| ELIZABETH H. CLARK; MARIA | ) | |
| GRAYSON-METAXAS; BUIST L. | ) | |
| HANAHAN; ELIZABETH A. HANAHAN; | ) | |
| FRANCES G. HANAHAN; MARY ROSS | ) | |
| HANAHAN; MURIEL R. HANAHAN; | ) | |
| ROGER PARKE HANAHAN, JR.; | ) | |
| GRAYSON C. JACKSON; ORIANA H. | ) | |
| KIRBY; AND JEANNE DEFOREST | ) | |
| SMITH HANAHAN, | ) | |
| | ) | |
| Defendants. | ) | |

On February 12, 2015, judgment was entered in favor of PCS Nitrogen, Inc. ("Plaintiff") against Defendants. ECF No. 346. After a trial, the jury awarded $5,555,158.00 to Plaintiff against the five Ross Directors on Plaintiff's breach of fiduciary duty claim. *Id*. Plaintiff also prevailed on its fraudulent conveyance claim against the Ross Shareholders and was awarded $4,123,736.88 to be paid into a constructive trust by the Ross Shareholders. *Id*.; *see also* ECF

1

No. 345 (Findings of Fact and Conclusions of Law resolving the fraudulent conveyance claim). On February 26, 2015, Defendants filed a motion pursuant to Federal Rule of Civil Procedure 62(b) for an unsecured stay of execution of the judgments pending post-trial motions.[1] ECF No. 347. Plaintiff filed a response in opposition to the motion to stay on March 16, 2015. ECF No. 355. Defendants filed a reply on March 26, 2015. ECF No. 358. Plaintiff does not necessarily contest that a stay of execution would be appropriate, but does insist that the court order Defendants to post a bond.

Rule 62(b) permits a court to stay the execution of a judgment "on appropriate terms for the opposing party's security" pending disposition of any post-trial motions made under Rules 50, 52(b), 59, or 60. Fed. R. Civ. P. 62(b). In this District, the foremost case on Rule 62(b) is *International Wood Processors v. Power Dry, Inc.*, 102 F.R.D. 212 (D.S.C. 1984). "Rule 62, taken in its entirety, indicates a policy against any unsecured stay of execution after the expiration of the time for filing a motion for a new trial." *Int'l Wood Processors*, 102 F.R.D. at 214 (quotations and citations omitted). "If an unsecured stay is to be granted, the burden is on defendants to demonstrate affirmatively that posting a bond or otherwise providing adequate security is impossible or impractical." *Id*. Nonetheless, courts have "some flexibility in assessing adequate security." *Id*. at 215 (collecting cases). For example, the court in *International Wood* ordered three of the Defendants to post a supersedes bond, but as to three other defendants ordered that "in lieu of a bond or other security, [defendants] will give

---

[1] Defendants filed a motion for a judgment as a matter of law notwithstanding the verdict (ECF No. 351) and a motion for reconsideration (ECF No. 352) on March 12, 2015.

plaintiff's counsel written notice, hand delivered, seven days prior to any material disposition of assets, specifying which asserts involved and the manner of disposition." *Id*. at 215-16.

Plaintiff asserts that in the absence of security, its interests are at "significant risk" because Defendants have been found liable for breaching fiduciary duties and making fraudulent conveyances. *Id.* at 11. Plaintiff further asserts that Defendants have made no showing, as required by *International Wood*, that posting a bond would be "impossible or impractical." *Id*. at 8. Although Plaintiff is correct that Defendants have not shown the impossibility or impracticality of posting a bond, the court does not at this time consider it necessary for the Defendants to post a bond. The court will expeditiously review the post-trial motions. As noted in *International Wood*, the disposition of post-trial motions will generally be resolved in "far less time" than the process of appeal, so "the risk of an adverse change in the status quo is less when comparing adequate security pending post-trial motions with adequate security pending appeal." *Int'l Wood Processors*, 120 F.R.D. at 215.

The court will, however, exercise "flexibility" to fashion "appropriate terms" to safeguard Plaintiff's interests. *See* Fed. R. Civ. P. 62(b). As proposed by Defendants and following the lead of the court in *International Wood*, the court, "in lieu of a bond or other security," hereby orders Defendants to provide the court and Plaintiff written notice prior to any material disposition of any asset. *Int'l Wood Processors*, 120 F.R.D. at 215-16; ECF No. 358 at 9. The notice is to specify the asset(s) involved and the manner of disposition. No such disposition or transfer may be made until approved by the court. If at some future point before final resolution of post-trial motions, circumstances change such that "there is a realistic basis for concern that

3

the status quo will not be adequately preserved" by this order, Plaintiff may again petition the court to order Defendants to post a bond.  See *Int'l Wood Processors*, 120 F.R.D. at 215.

Defendants' motion for a stay of execution pending post-trial motions is **granted** upon the conditions set forth in this order.

**IT IS SO ORDERED.**

                                                   s/ Margaret B. Seymour  
                                                   Margaret B. Seymour  
                                                   Senior United States District Judge

March 30, 2015  
Columbia, S.C.